# CASES

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—OCTOBER TERM, 1900.

### Milton E. Hewitt v. Henry C. Gibson.

1. PERSONAL PROPERTY—*Possession of—When Not Subject to the Debts of a Former Owner.*—Where one buys personal property of another, and pays for it and takes exclusive possession, and years afterward goes to live with the former owner and takes with him such personal property, he does not thereby so lose the possession as to subject it to debts of the former, contracted after the sale.

Replevin.—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed February 13, 1901.

SHEEN & MILLER, attorneys for appellant.

Relationship is not proof of fraud. It simply calls for clearer proof of good faith. Schroeder v. Walsh, 120 Ill. 410; Second Nat. Bank v. Gilbert, 174 Ill. 492; Martin v. Duncan, 156 Ill. 280.

A sale can not be fraudulent unless mutually so. Brown v. Riley, 22 Ill. 45.

Delivery is a matter of fact and not of law. Straus v. Minzesheimer, 78 Ill. 492.

A cumbrous article incapable of being " handed over from one to another " need not be manually delivered. Vaughan v. Owens, 21 Ill. App. 252.

(427)

Possession by vendor after sale does not invalidate a sale as matter of law, regardless of intention and situation of parties. Graff v. Fitch, 58 Ill. 379.

A sale in good faith for sufficient consideration, when possession is taken by the purchaser, is valid to pass the title against all creditors not having a lien upon it, and a loan of it by the purchaser and the seller for a temporary purpose, or the employment of the seller to use the property in the pursuit of the business of the purchaser, will not avoid the sale and render it liable to execution after the purchase. Brown v. Riley, 22 Ill. 45; Cunningham v. Hamilton, 25 Ill. 230.

After property has been reduced to possession and the title once becomes absolute in the purchaser, he may loan it to the vendor, or employ him to use it precisely as he may any other property he may own, and may prove these facts by any satisfactory evidence. Funk v. Staats, 24 Ill. 646.

The Appellate Court can and should exercise the powers vested on appeal in the trial court which is to render judgment where there is no contested fact. Commercial Ins. Co. v. Scammon, 123 Ill. 606; 2d Starr & Curtis, Sec. 87, Chap. 110.

JAMES M. RICE and MARION E. BIXLER, attorneys for appellee.

A sale of personal property without delivery of possession is void as to creditors, and to such persons such a sale is void. It is a fraud in law and void *per se* and not capable of explanation. McKibbin v. Martin, 64 Pa. St. 352, 359; Thompson v. Yeck, 21 Ill. 73; Corgan v. Frew, 39 Ill. 31; Lowe v. Matson, 35 Ill. App. 602; Johnson v. Holloway, 82 Ill. 334; Gillette v. Stoddart, 30 Ill. App. 231; Ticknor v. McClelland, 84 Ill. 471; Thornton v. Davenport, 1 Scam. 296; Schultz v. Reader, 69 Ill. App. 295; Howell v. Fisk, 52 Ill. App. 310.

Burden of proof is on claimant to show change of possession. Huschle v. Morris, 131 Ill. 587.

Possession of vendee must be exclusive.  Thompson v. Yeck, 21 Ill. 72; Weeks v. Prescott, 53 Vt. 57.

As to creditors, the delivery is an indispensable part of the sale, and must be proven, or the sale is not complete; it is an essential part of the title.  Corgan v. Frew, 39 Ill. 31; Martin v. Duncan, 156 Ill. 274; Pickard v. Hopkins, 17 Ill. App. 570.

The relationship of a witness to the parties, his manner and appearance on the stand, and his evident bias in favor of one of the parties, might warrant the jury in the conclusion that he was unworthy of belief, even though he is not attacked by calling witnesses to impeach him.  Corgan v. Frew, 39 Ill. 31.

The delivery and change of possession must be substantial, and not a mere formal and temporary change of possession, even where the sale is made in good faith and for an adequate consideration.  Pickard v. Hopkins, 17 Ill. App. 570; Curran v. Bernard, 6 Ill. App. 341.

The change of possession must be real and permanent. Curran v. Bernard, 6 Ill. App. 341; Wood v. Loomis, 21 Ill. App. 604; Allen v. Carr, 85 Ill. 388.

Change of possession must be observable, or, as it is sometimes expressed, visible.  Gillette v. Stoddart, 30 Ill. App. 231; Martin v. Duncan, 156 Ill. 274; Second National Bank v. Gilbert, 174 Ill. 485, 491; Meeks v. Prescott, 53 Vt. 57.

The change of possession must be continuous, so as to show the world at large that the property has changed hands.  Engles v. Marshall, 19 Calif. 329; Wood v. Loomis, 21 Ill. App. 604–607; Bump on Fraudulent Conveyances, Secs. 123, 124; Smith v. Richmond, 15 Calif. 501, 506; Brunswick v. McCloy, 7 Neb. 137, 139; Doyle v. Stevens, 4 Mich. 87, 93.

Where a previously recognized agent of the vendor remains in possession, the appearance to the world is the same as before, and the transfer will be void for lack of such outward, open, actual and visible signs of a change of title as can be seen by and known to the public.  Second National Bank v. Gilbert, 174 Ill. 485.

Where the parties are near relatives, clearer and more convincing proof is required of the good faith of the transaction (the delivery and change of possession) than when they are strangers. Martin v. Duncan, 156 Ill. 274, 289; Second National Bank v. Duncan, 174 Ill. 485, 491.

Actual notice to the judgment creditor, of the sale of personal property, though the sale were in good faith, *bona fide*, and for valuable consideration, will not obviate the necessity of a public, open and exclusive change of possession. Hewett v. Griswold, 43 Ill. App. 43; Schultz v. Reader, 69 Ill. App. 295; Howell v. Fisk & Co., 52 Ill. App. 310; Clow v. Woods, 5 S. and R. 275.

There is no necessity for putting a qualification in an instruction not sustained by the evidence. Lefever v. Mires, 81 Ill. 456, 457.

The rule requiring an open delivery is for the protection of parties whose claims accrue after the sale as well as before, and they may avail themselves of it. A failure to so deliver possession constitutes a continuing fraud. Clow v. Woods, 5 S. and R. 275; Streeper v. Eckart, 2 Wharton, 302, 306.

Agreements intended to operate as chattel mortgages but not properly executed and recorded as such are void as to creditors without regard to whether said creditor's claim arose before or after said agreement was made. McDowell v. Stewart, 83 Ill. 538; Porter v. Dement, 35 Ill. 478; Murch v. Wright, 46 Ill. 487.

Where there is any theory of the case reasonably supported by evidence upon which the verdict can stand it will not be set aside as against evidence, even if the court would itself, upon reading the record, have found the other way. Peoria M. & P. Ins. Co. v. Whitehill, 25 Ill. 466; Barry v. Mackey, 66 Ill. 164.

Mr. JUSTICE DIBELL delivered the opinion of the court.

This was a replevin suit for a piano, brought before a justice of the peace by Hewitt against Gibson, a constable, who had seized the piano upon an execution he held against

Mrs. Anna Hamalle.   On an appeal to the Circuit Court,
and a trial there, defendant had a verdict and a judgment,
and plaintiff appeals.

Mrs. Hamalle was a lessee of the Arlington Hotel in
Peoria, and a daughter of Hewitt.   In the latter part of
December, 1897, Mrs. Hamalle and Hewitt made a contract
for the sale by Mrs. Hamalle to Hewitt of the property she
owned in the Arlington Hotel and her interest in the lease
for $450 in cash and the satisfaction of a debt of some $60
she owed Hewitt.   A bill of sale was executed January 3,
1898, and the money was paid.   The bill of sale included
the piano.   Hewitt then took possession of the hotel, and
another daughter, Mrs. Burton, became landlady, Mrs.
Hewitt being a confirmed invalid.   Mrs. Hamalle went to
Decatur.   The boarders were notified of the change and to
thereafter pay board to Hewitt or Mrs. Burton, and did so.
The sign only gave the name of the hotel and not that of
the proprietor, and it was not changed.   A month or six
weeks after the bill of sale Mrs. Hamalle was called back
to Peoria by the serious illness of her mother.   She came
back, and assisted in taking care of her mother for a few
weeks, and then went away and was gone several months.
She then returned to Peoria, and rented a boarding house
called the Ballance House, not far from the Arlington.
Thereafter she was often at the Arlington, seeing and car-
ing for her mother.   Hewitt had some chickens in a place
back of the Ballance House, and was often there caring
for his chickens.   Mrs. Hewitt was sometimes wheeled to
the Ballance House in a chair, for a visit or change of
scene.   She finally died at the Arlington.   The piano was
all this time at the Arlington, and in the possession of
Hewitt.   Mrs. Hamalle, after the bill of sale, did not run
nor have charge of the Arlington, and was only there when
taking care of her mother, and never as proprietor.   Some
time after her mother's death Mrs. Hamalle gave up the
Ballance House, and (with her husband) rented the Pros-
pect Heights House, and removed there.   Her father gave
up the Arlington, stored part of his personal property, and

went to the Prospect Heights House to live with his daughter, Mrs. Hamalle, and took there with him part of his personal property, including his bedroom set, bed and bedding, some easy chairs, his clock, and this piano. The piano was placed in the parlor. It is clear Mrs. Hamalle never claimed to own it after the bill of sale was made, and never had any possession of it thereafter except such as she could be said to have of all the personal property her father took to her house when he moved there to live with her. The execution under which Gibson took the piano was for rent due from Mrs. Hamalle for the Ballance House, and that debt was not incurred till long after the piano was sold and delivered to Hewitt. There is no proof Mrs. Hamalle was insolvent when she sold the personal property at the Arlington to her father, or that she then owed any one except him. There is no evidence to cast doubt upon the good faith of the sale. When the indebtedness for the rent of the Ballance House was incurred by Mrs. Hamalle, the owner of the house could not have relied upon any supposed title of Mrs. Hamalle to the piano, for it was not in her possession, and she did not represent it to be hers. Before the constable took the piano Hewitt informed him it was his, and the constable was shown the bill of sale, which described it. Demand was made by Hewitt after the constable removed the piano and before this suit was brought.

The only thing defendant can rely upon is the fact that the piano was in Mrs. Hamalle's house and that she had once owned it. The naked principle defendant must rely upon is that if an old man, after the death of his wife, breaks up housekeeping, and goes to live in the home of his daughter or any other person, and takes along some of his household furniture, if any article he so takes with him had once been the property of his daughter or landlady, and had been bought by him and paid for, and the possession duly and openly taken, yet by so removing such property to his new home with his daughter or landlady, he thereby so puts it into her possession that it becomes subject to her debts. We think such is not the law under the facts

appearing in the record before us, and that the verdict ought not to stand. The instructions given for defendant were mere abstract propositions of law, and also stated too strongly the law applicable to this case.

The judgment is reversed, and cause remanded for a new trial.